84.2605-01

Couse No. 2011-2412-C2

Ex parte § In the District Court of
§ Mclennan County Texas
§ 54th Judicial District
Adam. Gutierrez §

---

Relator's Rebuttal to trial Counsel's Response to Designation
of Issues

---

TO The Honorable Judge of Said Court:

Come's Now, ADAM.Gutierrez T.D.C.J# 1883318 relator in the
above referenced Cause, and files this Rebuttal to trial
Counsel's Response to Designation of Issues, and Show the
Court as follows:

Trial Counsel states that the failure to investigate claims of Ex parte
ADAM.GUTIERREZ are inaccurate and spacious, and also stated that
he as trial Counsel had full access to hand typed notes from
the offense reports provided by the mclennan County District
Attorneys office. And from those notes, He learned the factual
basis as described by police in their offense reports;
Trial Counsel stated in his Affidavit that martha. Ramirez first
identified Ex parte ADAM.Gutierrez first by name and later,
by mug shot. And counsel also state's that his notes do not reflect
whether that was Ex parte ADAM.Gutierrez sequential line up that
was viewed by MS.Ramirez or whether it was merely a one
photograph show up. By trial Counsel's notes not reflecting this,
this shows that he failed to investigate into the Suggestive
identification of martha. Ramirez.
Ex parte ADAM.GUTIERREZ Rebutt's to the trial Counsel's allegations,
and will show the following, that trial Counsel failure to investigate
provided ineffective assistance of Counsel, By trial counsel failing
to investigate into the suggestive identification of Ex parte ADAM
Gutierrez Trial Counsel provided ineffective assistance. If trial
Counsel would have investigated into the suggestive identification
He would have found a line of Defense that would have allowed him
to file a motion to suppress the suggestive identification.

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 24 2015

Abel Acosta, Clerk

(1).

Because Det. Chavez showing Ms. Ramirez one single photograph was suggestive Identification, witness Martha. Ramirez even testified that Det. Chavez Just showed her a single photograph of EX parte ADAM. GUTIERREZ. (5.RR.At 196). And the showing of the single photograph was done after witness Martha. Ramirez gave Det. Chavez the wrong Name. (5.RR.At 196). Det. Chavez even contacted Ms. Ramirez to let her Know that he could not find a adam. Rivas in the system (5.RR.At 213-214). By trial Counsel failing to investigate, he provided ineffective assistance of Counsel, because he failed to find a line of Defense which would have allowed him to file a motion to suppress the suggestive Identification. If trial Counsel would have investigated he would have known that the two victims never Identified EX parte ADAM. GUTIERREZ out of a line up or in Court and by them not doing so, it would have gave him a line of defense, to file a motion to suppress Martha. Ramirez suggestive identification. but by trial Counsel not investigating into the suggestive Identification it prejudice EX parte ADAM. GUTIERREZ Because it allowed suggestive identification to be entered into trial, because witness Martha. Ramirez testified at trial identifying EX parte ADAM. Gutierrez (5.RR.At 187). After Det. Chavez showed Ms. Ramirez a single photograph of EX parte ADAM. Gutierrez, (5.RR.At 196). And by trial Counsel not fileing a motion to suppress the suggestive identification it prejudice EX parte ADAM. Gutierrez because it allowed a T. Shirt that was found at the home of Ms. Ramirez to be entered into evidence. (8.RR.At State's Exhibit No. 26). and witness Martha. Ramirez even testified that she did not Know anything about if EX parte ADAM. GUTIERREZ had done anything (5.RR.At 186). Trial Counsel stated in his Affidavit, that he went to the crime scene. and spoke with his investigator about his interviews with potential witnesses including the two victims.

(2).

EX parte ADAM Gutierrez Rebutts to the statements above and will show that he is incorrect about interviews of witness. Because the witness testified to not talking to trial counsel are his investigator. (5·RR·At 200). The statements in trial counsels Affidavit are not supported by the record. If the totality of the circumstances indicates that a substantial likelihood of misidentification exists, then admission of the identification of the defendant amounts to a denial of due process, see neil. 409 u.s at 198-99, Adams, 397 S.w.3d.at 764. In this case misidentification exists, Because witness Martha. Ramirez even testified that she did not know anything about if Ex parte ADAM. Gutierrez had done anything (5·RR·At 186). But testified at trial on the stan identifying EX parte ADAM. GUTIERREZ. (5·RR·At 187).

And the two victims never identified EX parte Adam. Gutierrez out of a line up or at/trial (5·RR·At 217). The statements that trial Counsel made in his Affidavit is unsupported by the record, Trial counsel stated that he used a Two-step analysis asking(1) whether the pretrial procedure was impermissibly suggestive, and(2) if so, whether the suggestive pretrial procedure gave rise to a very substantial likelihood of irreparable misidentification. In this case the two people that the state used as witnesses, testified to not knowing anything about if EX parte ADAM. Gutierrez had done anything. (5·RR· At 156-186). And then the two victims never identified EX parte Adam. GUTIERREZ out of a line up or at trial. (5·RR·At 217). By trial counsel failing to investigate and failing to file a motion to suppress the suggestive identification, he allowed the two witness to testify at trial, identifying EX parte Adam. Gutierrez (5·RR·At 151-187).

After the two witnesses testified to not knowing anything, about what happen. (5·RR·At 156-186). The T·Shirt that was entered into evidence had a mixture of 3 D.N.A's on the T·Shirt, and the T·Shirt was never tested against the people that lived in the home were the T·Shirt was found. D.N.A. testing needed to be done on Guadalupe. pedro. Ramirez, because he was a suspect of this crime.

(3).

but was never tested against the T-shirt to see if he had contact with the T-shirt. EX parte Adam.Gutierrez statements to this Rebuttle are true and correct and are supported by the Record.

## Prayer

EX parte ADAM.GUTIERREZ prays that this Honorable Courts of Criminal appeals Grants him relief on His 11.07 writ of Habeas corpus.

## Certificate of Service

I, ADAM.Gutierrez. Here by certify that a copy of The foregoing was delivered by united States mail on This 20th day of November. 2015.

Respectfully Submitted,

ADAM. GUTIERREZ
T:D.C.J. # 1883318

(4).

Cause NO. 2011-2412-C2 .

EX parte

Courts of Criminal
Appeals
Of Texas.

ADAM.GUTIERREZ

---

EX parte ADAM.Gutierrez, Rebuttle to the Findings of FAct
And Conclusions of the 54th Judicial District Court of
McLennan County, Texas.

---

To the Honorable Judge of Courts of Criminal Appeals:

Comes Now, ADAM.Gutierrez. T.D.C.J.#1883318 relator in the
above referenced Cause, and files this Rebuttle to the
Findings of FACts and Conclusions, And will Show the Court the
Following:

Due to the Finding and Conclusions Of the District Court of
McLennan County, are not Correct, And will Show by the Record.
The allegations that were made that trial Counsel reviewed the
Circumstances surrounding the applicant's Charges, including identificat
ions made of Applicant.

EX parte ADAM.GUTIERREZ Rebutts by showing the Court, that
trial Counsel failed to investigate, because if he would have
investigated he would have Known that the witness was
Shown a single photograph of EX parte ADAM.Gutierrez
(S.RR.At 196). And if he did review the identification
Made of applicant, he failed to file a motion to suppress
the suggestive identification.

Trial Counsel States that his investigation included a review
Of witness statements, and D.N.A. analyses.

(1).

EX parte ADAM. Gutierrez Rebutts, and will Show the court,
If trial Counsel would have reviewed witness statements,
he would have Known that the witness martha. Ramirez
was shown only one photograph, of EX parte ADAM.
Gutierrez which made it suggestive identification. (S.RR.
At 196), and if he reviewed the D.N.A. Analyses, why is it
that he failed to request the other two D.N.A's that
were found on the T. Shirt. (8.RR.At Exhibit No.32).
Trial Counsel state's that his investigator interviewed
the witnesses, but the record will Show that he is
not Correct about what he is stateing. (5.RR.At 200).
EX parte ADAM GUTIERREZ Rebutts to the allegation
made, that applicant failed to present facts and Circum
stances, Showing he was prejudiced. EX parte ADAM. GUTIE
RREZ presented the's facts in his 11.07 writ, that the
suggestive identification deprived Applicant of a fair
trial and Due process. EX parte ADAM. Gutierrez
Rebutt's to the alleged Statement, that D.N.A testing
weakened the Claim of EX parte ADAM.GUTIERREZ,
because there were (3) diffrent D.N.A's on the T.Shirt,
and the District Attorney's office failed to present
who the other two D.N.A's belong to, because it would
Show the identity of the person who lived at the
home were the T.Shirt was found. There were other
suspect in this crime that the state used as a
witness. (5.RR.At 219). Guadalupe. pedro. Ramirez.

(2).

EX parte ADAM. Gutierrez Rebutts to the statements that were made, of his claim of perjured testimony, they claim that EX parte ADAM. GUTIERREZ perjured testimony was wholly with out merit.

EX parte ADAM. GUTIERREZ Rebutts by showing that Daniel. Kent presented perjured testimony. Daniel Kent. testified to geting a call at 12:15 AM Just after midnight, to go to the home of martha. Ramirez, because a hispanic male came out her attic. (5. RR. At 126).

now the record shows that all of this was happening After midnight because Daniel. Kent testified to that. But the Exhibit that the State Attorney's used, shows that Daniel. Kent perjured him self, Because he states that he "did not" search the attic on the 7th, the day of the crime, but the photo shows he did because it gots a Date At the bottom of the photo that shows 10-7-2011 the day he claims that he did not search the Attic. (8. RR. At Exhibit NO. 26).

### Prayer

EX parte ADAM. GUTIERREZ pray's that this Honorable Court of Criminal appeals Grants him relief on his 11.07 writ of Habeas Corpus.

(3).

## Certificate of Service

I, ADAM. GUTIERREZ, Here by certify that a Copy of the foregoing was delivered by united States mail on this 20th day of November, 2015.

Repectfully Submitted

_adam. Gutierrez_

ADAM. GUTIERREZ
T.D.C.J. # 1883318

(4).